IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANGEL JAUREGUI,

    Petitioner,                    No. 2:13-cv-00424 DAD P

    vs.

UNKNOWN,

    Respondent.             ORDER

                                  /

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). See Doc. No. 4.

        Pursuant to the court's order filed March 14, 2013, petitioner has submitted an application requesting leave to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        In his pending federal habeas petition, petitioner challenges only his removal from double cell status and placement in single cell status at his institution of confinement. This type of prison housing issue does not affect the duration of petitioner's custody. Furthermore, the court will decline to construe petitioner's application for habeas relief as a civil rights complaint

1  because prisoners have no constitutional right to a particular classification status, <u>Hernandez v.</u>
2  <u>Johnston</u>, 833 F.2d 1316, 1318 (9th Cir.1987), nor do they enjoy the right to be incarcerated at a
3  particular correctional facility, <u>see</u> <u>Meachum v. Fano</u>, 427 U.S. 215, 224-25 (1976).  Similarly, a
4  prisoner has no constitutional right to receiving a classification calling for his double-celling.

5          Petitioner was advised in the court's March 14, 2013 order that should he proceed
6  with this action, the court would likely dismiss the action because in his pending habeas petition
7  he does not challenge the fact or duration of his custody.  (Doc. No. 3 at 1-2.)  Therefore and for
8  the reasons previously indicated, this habeas action will be summarily dismissed.  <u>See</u> Rule 4 of
9  the Rules Governing Section 2254 Cases ("If it plainly appears from the petition . . . that the
10 petitioner is not entitled to relief in the district court, the judge must dismiss the petition. . . .").

11         Rule 11 of the Federal Rules Governing Section 2254 Cases states that "[t]he
12 district court must issue or deny a certificate of appealability when it enters a final order adverse
13 to the applicant."  A certificate of appealability should be granted for any issue that petitioner can
14 demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different
15 court, or is "'adequate to deserve encouragement to proceed further.'"  <u>Jennings v. Woodford</u>,
16 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)).  For
17 the reasons set forth above, undersigned declines to issue a certificate of appealability in this
18 case.

19         Accordingly, IT IS HEREBY ORDERED that:

20         1.  Petitioner's March 26, 2013 application to proceed in forma pauperis (Doc.
21 No. 5) is granted;
22 /////
23 /////
24 /////
25 /////
26 /////

      2. This action is summarily dismissed because it plainly appears from the face of the petition that petitioner is not entitled to federal habeas relief pursuant to 28 U.S.C. § 2254; and

      3. A certificate of appealability is not issued in this action.

DATED: April 8, 2013.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
jaur424.156